**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH DEWAR,<br><br>  Plaintiff,<br><br>  v.<br><br>SKI SHAWNEE, INC. and GARY C. CREGAR,<br><br>  Defendants. | CIVIL ACTION NO. 3:14-2245<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiff Joseph Dewar. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### I. Background

Plaintiff bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 4.) Plaintiff Joseph Dewar is alleged to be "an adult individual and citizen of the State of New York . . . ." (*Id*. at ¶ 1.) Defendant Ski Shawnee, Inc. is alleged to be "a corporation and citizen of the Commonwealth of Pennsylvania, incorporated under the laws of the Commonwealth of Pennsylvania, licensed to do business in the Commonwealth of Pennsylvania, and having its principal place of business in the Commonwealth of Pennsylvania at its registered address of Hollow Road, Shawnee on Delaware, PA 18356." (*Id*. at ¶ 2.) Defendant Gary C. Cregar is alleged to be "an individual, agent, and/or employee of Defendant Ski Shawnee, Inc. who upon information and belief resides at Hollow Road, Shawnee on Delaware, PA 18356." (*Id*. at ¶ 3.)

### II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club*

*Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity

jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

Here, the Complaint improperly alleges the citizenship of individual Defendant Cregar. Specifically, as the Complaint alleges that Cregar, upon information and belief, "resides" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). To properly allege diversity, Plaintiff must allege Cregar's state of citizenship, not merely his state of residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of individual Defendant Cregar. As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

An appropriate order follows.

December 2, 2014 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge